UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-0671-TWP-DKL |
| ) | |
| JERRY GILLEY, individually and in his ) | |
| official capacity as Captain at the Pendleton ) | |
| Correctional Facility, DUSHAN ZATECKY, ) | |
| individually and in his official capacity as ) | |
| Superintendent of the Pendleton Correctional ) | |
| Facility; TOM FRANCUM, individually and in ) | |
| his official capacity as Internal Affairs; ) | |
| ANDREW COLE, individually and in his ) | |
| official capacity as Assistant Superintendent of ) | |
| Re-Entry; DUANE ALSIP, individually and in ) | |
| his official capacity as Assistant ) | |
| Superintendent Operations, and KERI ) | |
| JOHNSON, individually and in her official ) | |
| capacity as Classification Analyst ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendants Captain Jerry Gilley's and Superintendent Dushan Zatecky's (hereinafter, the "Moving Defendants") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Filing No. 12). Plaintiff Robert Holleman ("Mr. Holleman"), an Indiana prisoner confined at the Pendleton Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Mr. Holleman has filed a response to the Motion to Dismiss and the Moving Defendants have filed a reply. For the reasons set forth below, the Motion **is GRANTED**.

# I. <u>LEGAL STANDARD</u>

The Moving Defendants challenge the sufficiency of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive such a motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Mr. Holleman is proceeding without counsel. *Pro se* complaints such as that filed by Mr. Holleman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so. Despite this liberal construction, the court will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

Mr. Holleman invokes 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## II. FACTUAL BACKGROUND

Mr. Holleman is a convicted offender. He alleges that he, along with other inmates in his unit, was punished as a group because contraband was found in a common area in his unit. His specific allegations are that the Moving Defendants violated his constitutional rights when they took away his evening dayroom, shower, telephone, and outside recreation privileges from 6:00 p.m. until 11:30 p.m. for three days without any disciplinary charges being brought against him and without due process. Mr. Holleman claims this treatment violated his federally secured rights and he challenges the Indiana Department of Correction's policies regarding implementing sanctions or punishment without any formal disciplinary charges brought against him.

## III. DISCUSSION

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The complaint alludes to protections of the Fifth, the Eighth, and the Fourteenth Amendments to the United States Constitution. However, because there is no allegation or suggestion of action by a federal actor, there is no viable claim under the Fifth Amendment. *Jackson v. Byrne,* 738 F.2d 1443, 1446 (7th Cir. 1983) ("Plaintiffs

have alleged no action by the federal government, as the Fifth Amendment requires."). By contrast, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The conditions Mr. Holleman describes, however, do not even approach the level of an Eighth Amendment violation.

The Fourteenth Amendment's guarantee of due process is the genuine battleground of the parties' briefs. For prisoners, liberty interests arise only from policies that impose "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Wilkinson v. Austin,* 545 U.S. 209, 221–23 (2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 4884 (1995)); *see also Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013). The privileges Mr. Holleman describes as having been briefly taken from him do not meet the standard established by *Sandin*. This is true based on the brevity of the change itself, *see, e.g., Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005); *Townsend v. Fuchs,* 522 F.3d 765, 766 (7th Cir. 2008); *Hoskins v. Lenear,* 395 F.3d 372, 374–75 (7th Cir. 2005), and is all the more true when consideration is given to the nature of the "deprivations" about which Mr. Holleman complains. Such conditions do not satisfy the due process threshold unless "materially more onerous than 'the ordinary incidents of prison life.'" *Marion v. Radtke,* 641 F.3d 874, 875 (7th Cir. 2011) (quoting *Sandin,* 515 U.S. at 484); *see also Lekas v. Briley,* 405 F.3d 602, 612 (7th Cir. 2005).

4

As a predicate for any Fourteenth Amendment procedural due process claim, the inmate must have been deprived of a protected liberty or property interest. *See Thompson v. Veach,* 501 F.3d 832, 835 (7th Cir. 2007). Mr. Holleman's Fourteenth Amendment claims fail to meet this requirement. Mr. Holleman argues that he was punished in violation of Indiana law, but such a claim may not use § 1983 to challenge a violation of state law or prison rules because § 1983 protects plaintiffs only from constitutional violations. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Hernandez ex rel. Hernandez v. Foster,* 657 F.3d 463, 485 n.1 (7th Cir. 2011). Mr. Holleman also argues that he was punished without being given due process, but when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Therefore this claim also fails.

## IV. CONCLUSION

Mr. Holleman's Complaint fails to state a plausible claim for relief against the Moving Defendants. The Motion to Dismiss (Filing No. 12) filed by Jerry Gilley and Dushan Zatecky is therefore **GRANTED**. The Moving Defendants were the only defendants in the original Complaint. That Complaint (Filing No. 1) is therefore **DISMISSED** and these two defendants may be terminated on the docket. However, because of the supplemental complaint (Filing No. 20), this ruling does not resolve all claims against all parties and no partial final judgment shall issue as to the dismissal of the original Complaint.

**SO ORDERED.**

Date: 3/26/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert L. Holleman, #10067
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Jefferson S. Garn
OFFICE OF THE INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

Lakesha Triggs
OFFICE OF THE INDIANA ATTORNEY GENERAL
lakesha.triggs@atg.in.gov