UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. MR. HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-0671-TWP-DML |
| ) | |
| DUSHAN ZATECKY, individually and in his ) | |
| official capacity as Superintendent of the ) | |
| Pendleton Correctional Facility, et al., ) | |
| ) | |
| Defendants. ) | |

**Screening Entry Pursuant to 28 U.S.C. § 1915A(b)**

Pursuant to statute, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1)-(2). This Entry performs that task in this case.

Background

The operative pleading in this civil rights action is the supplemental complaint filed by plaintiff Robert Mr. Holleman on September 18, 2014.

Mr. Mr. Holleman is a convicted offender confined at the Pendleton Correctional Facility ("Pendleton"). The defendants are employed by the Indiana Department of Correction ("DOC") at Pendleton in the capacities specified below and each is sued in his or her individual capacity and official capacity:

|                |                                      |
|----------------|--------------------------------------|
| Jerry Gilley   | Captain                              |
| Tom Francum    | Internal Affairs Officer             |
| Duane Alsip    | Assistant Superintendent of Operations |
| Keri Johnson   | Classification Analyst               |
| Andrew Cole    | Assistant Superintendent of Re-Entry. |
| Dushan Zatecky | Superintendent                       |

Captain Gilley was a named defendant in the original complaint. He is a named defendant in the supplemental complaint. However, the original complaint has been dismissed as legally insufficient and no claim of misconduct is asserted against Captain Gilley in the supplemental complaint. Captain Gilley is therefore not mentioned further in the body of this Entry. The clerk shall **terminate Captain Gilley as a defendant.**

Mr. Holleman alleges that the defendants violated his federally secured rights through their retaliation against him and their denial of his right to due process. Specifically, Mr. Holleman recounts that on May 21, 2014 an investigation into his possible misuse of a computer was initiated because he had filed an informal grievance having to do with a building modification program at Pendleton. The following day, he submitted an informal grievance having to do with the investigation just referenced. Mr. Holleman was suspended from his prison job as an inmate clerk at the Pendleton Law Library. He was then placed in a lock-up unit on May 27, 2014.

A conduct report charging Mr. Holleman with misuse of a computer was issued by Internal Affairs Officer Francum on July 16, 2014.

The conduct report was dismissed and Mr. Holleman was released from the lock-up unit on July 31, 2014. Mr. Holleman spent 66 days in the lock-up unit. His job in the Pendleton Law Library was then taken from him. The Classification Department, through defendant Johnson, refused to reinstate Mr. Holleman to the prison job which had been taken from him. Mr. Holleman's current housing assignment affords him fewer amenities and less freedom of

movement than the honor dorm to which he had previously been assigned. His efforts to be rehired as an inmate clerk at the Pendleton Law Library were rebuffed.

From the foregoing allegations, Mr. Holleman asserts eight claims. These claims overlap, they are cluttered with buzzwords and labels and they exceed any conceivable scope of what is asserted. Nonetheless, the court liberally construes the pleadings of pro se litigants such as Mr. Holleman and the supplemental complaint is not so bereft of coherent content that the court is unable to make sense of it. And so the court does exactly that.

## Discussion

Mr. Holleman was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time this action was filed and remains so. This means that the supplemental complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993).

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "The Supreme Court's decisions in '*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim.'" *Reserve Hotels PTY Ltd. v. Mavrakis*, No. 14-2990, 2015 WL 3852645, at *2 (7th Cir. June 23, 2015)(quoting *Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013)).

In reviewing a complaint, the court accepts the factual allegations as true, but conclusory assertions or a recitation of a cause of action's elements are not. *See Ray v. City of Chicago,* 629 F.3d 660, 662 (7th Cir. 2011)("[W]e need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.") (internal citations omitted). A claim's insufficiency can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). As already noted, pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

Mr. Holleman's federal claims are asserted pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). Jurisdiction for such claims is conferred by 28 U.S.C. § 1331.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Additionally, it is pertinent to note here that Section 1983 creates a cause of action based on personal liability and predicated upon fault. It "does not establish a system of vicarious responsibility." *Burks v. Raemisch,* 555 F.3d 592, 593

(7th Cir. 2009). Thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). In a related vein, and very pertinent here, 'constitutional claims must be addressed under the most applicable provision.' *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005).

Mr. Holleman reasserts the claims in the original complaint, but as noted the original complaint was dismissed as legally insufficient. The wholesale reassertion of legally insufficient claims is a futile gesture and to the extent that is done in the supplemental complaint by incorporating the claims in the original complaint those claims are again dismissed. As evident from the above, it is a misnomer to assert or describe a "violation" of § 1983. Mr. Holleman asserts a "claim" for punitive damages; however, "[p]unitive damages are a form of relief and are not a claim or cause of action." *Henry Carlson Co. v. Arch Ins. Co.*, No. CIV. 13-4133-KES, 2014 WL 3850053, at *4 (D.S.D. Aug. 5, 2014).

Two other matters are easily assessed: Mr. Holleman's claims are replete with assertions that the defendants' conduct violated his Fifth Amendment and his Eighth Amendment rights. As to the former, there is no allegation of action taken under color of federal law as opposed to action taken under color of state law. *See Jackson v. Byrne,* 738 F.2d 1443, 1446 (7th Cir. 1983) ("Plaintiffs have alleged no action by the federal government, as the Fifth Amendment requires

5

. . . ."). As to the latter, Mr. Holleman does not allege mistreatment by the defendants and does not allege conditions of confinement sufficiently onerous to have "resulted in unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756, 759 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Claims in the supplemental complaint based on asserted violations of the Fifth Amendment and claims in the supplemental complaint based on asserted violations of the Eighth Amendment are dismissed.

Mr. Holleman also lacks a due process interest in being assigned to the prison's general population, in maintaining or reacquiring his job in the prison law library, or in regaining the relative freedoms in his housing unit he has described as having been taken. This is the same point as explained in paragraph 6 of the Entry docketed on March 26, 2015 and need not be repeated here.

What remain are Mr. Holleman's claims that the defendants retaliated against him and that they conspired to deprive him of his rights. The former will proceed. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012)(prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)(to state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.").

*Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987)("an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper"). The latter, however, are simply conclusory statements with no factual support. As explained by the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The claims of conspiracy are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### Conclusion

In summary, therefore:

1. The clerk shall **terminate Captain Jerry Gilley as a defendant.**

2. With one exception, the claims in the supplemental complaint are **dismissed as legally insufficient.**

3. The exception to the dismissed claims is the claim of retaliation. The claim of retaliation is understood as against the remaining defendants in their individual capacities insofar as the plaintiff seeks damages and against the defendants in their official capacities insofar as the plaintiff seeks equitable relief.

4. The dismissal of the "claim" for punitive damages in the supplemental complaint does not prevent the plaintiff from seeking punitive damages against the defendants based on the claim of retaliation.

5. No final judgment shall issue at this time as to the claims dismissed in this Entry.

6. A separate order will be issued dealing with the issuance and service of process.

IT IS SO ORDERED.

Date: 7/14/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ROBERT L. MR. HOLLEMAN
10067
Pendleton Correctional Facility
Electronic Filing Participant – Court Only