UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HOLLEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DUSHAN ZATECKY, individually and in his ) <br> official capacity; TOM FRANCUM, individually ) <br> and in his official capacity; ANDREW COLE, ) <br> individually and in his official capacity; DUANE ) <br> ALSIP, individually and in his official capacity; ) <br> and KERI JOHNSON, individually and in her ) <br> official capacity; ) <br> ) <br> Defendants. ) | Case No. 1:14-cv-0671-TWP-DKL |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by the Defendants pursuant to Federal Rule of Civil Procedure 56 (Filing No. 44). The parties to this civil rights action are *pro se* Plaintiff Robert Holleman ("Holleman"), an Indiana prisoner, and Defendants, Dushan Zatecky ("Zatecky"), Superintendent; Tom Francum ("Francum"), Internal Affairs Officer; Andrew Cole ("Cole"), Assistant Superintendent; Duane Alsip ("Alsip"), Superintendent of Re-entry; and Keri Johnson ("Johnson"), Classification Specialist. The Defendants are employees of the Indiana Department of Correction ("IDOC") at the Pendleton Correctional Facility ("Pendleton). Holleman filed this action alleging that the Defendants violated his federally secured rights through their retaliation against him and their denial of his right to due process. Other claims were dismissed as legally insufficient in *Holleman v. Zatecky*, 2015 WL 4275804 (S.D. Ind. July 14, 2015). Holleman's remaining claim is that the Defendants retaliated against him. He seeks damages and equitable relief.

Only two of the Defendants, Andrew Cole and Duane Alsip, seek resolution of Holleman's claim through the entry of summary judgment. Holleman has responded.

For the reasons explained in this Entry, the Motion for Summary Judgment must be **granted** as to Defendants Cole and Alsip.

## I.   CLAIM

As noted, Holleman is an Indiana state prisoner serving a term of imprisonment. His original complaint was dismissed pursuant to 28 U.S.C. § 1915A(b). *Holleman v. Gilley*, 2015 WL 1403144 (S.D. Ind. Mar. 26, 2015). The dismissal of the complaint, however, did not lead to the dismissal of the action, and the operative pleading at this point is the Supplemental Complaint Under 42 U.S.C. § 1983, filed by Holleman on September 18, 2014. (Filing No. 20.) The Supplemental Complaint was screened as required by 28 U.S.C. § 1915A(b). *Holleman v. Zatecky*, 2015 WL 4275804 (S.D. Ind. July 14, 2015). As a result of that action, all claims except one were dismissed as legally insufficient.

The surviving claim at issue here is the claim of retaliation, which is asserted against the Defendants in their individual capacities insofar as damages are sought, and against the Defendants in their official capacities insofar as equitable relief is sought. Defendants Cole and Alsip seek resolution of Holleman's claim through the entry of summary judgment. The other Defendants originally joined in that motion but have now withdrawn from it and that motion was denied as moot as to those other Defendants on September 14, 2016. (*See* Filing No. 85.)

## II.   SUMMARY JUDGMENT STANDARD

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to

secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp.,* 477 U.S. at 323.

"A plaintiff may not defeat the defendant's properly supported motion for summary judgment without offering any significant probative evidence tending to support the complaint." *Tri-Gen Inc. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 433 F.3d 1024, 1038 (7th Cir. 2006). The key inquiry is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

### III. APPLICABLE LAW

This action is brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Jurisdiction for such claims is conferred by 28 U.S.C. § 1331.

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). In screening the Supplemental Complaint, the Court reviewed the principles of law applicable to a claim of retaliation:

> The former [claims that the defendants retaliated against Holleman] will proceed. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.); *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (to state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action."). *Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987) ("an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper").

*Holleman v. Zatecky*, 2015 WL 4275804, at *4 (S.D. Ind. July 14, 2015). Additionally, it is noted that conduct that does not independently violate the Constitution can form the basis for a retaliation claim, if that conduct is done with an improper, retaliatory motive. *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996). The following is the standard:

> To establish a prima facie case of retaliation, a prisoner must show that a protected activity—appellees concede that his complaint about the searches qualifies—was 'at least a motivating factor' in retaliatory action taken against him, i.e., action that would likely deter protected activity in the future. The burden then shifts to the defendants to show that they would have taken the action despite the bad motive.

*Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).

### IV.   UNDISPUTED FACTS

The following facts are either undisputed, or presented in the light most favorable to Holleman as the non-moving party with respect to the Motion for Summary Judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Holleman recounts that in May 2014, an investigation into his possible misuse of a computer was initiated because he had filed an informal grievance pertaining to a building modification program at Pendleton. In particular, Holleman presented correspondence to administrative officials at Pendleton, including Superintendent Zatecky, which addressed issues that Holleman perceived with the development of Pendleton's L-Dorm. Zatecky responded to Holleman's correspondence, informing him that it was not an issue about which he could file a grievance.

On May 21, 2014, Zatecky ordered Pendleton's Internal Affairs unit to audit all computers in the offender law library. Internal Affairs Officer Francum conducted the audit of the law library computer that Holleman operated. The audit revealed a number of letters that appeared personal in nature, which, according to policy, should have been handwritten and not composed on a library

5

computer. A regulation regarding the use of library computers provides: "The computers are intended for legal matters only. Offenders shall not download, create, or otherwise cause to be on the computer or server: music, games, pornographic material, or *personal material*." (Filing No. 44-4 at p. 8) (emphasis added).

Following Francum's audit and based on the initial findings, Holleman was placed on a restricted housing hold pending investigation. The decision to place Holleman in restricted housing pending investigation was grounded in IDOC Policy and Administrative Procedure 02-01-2014. This policy provides that assignment of an offender to an administrative restrictive status housing unit "shall be based upon the threat to self, others, property, the security and/or orderly operation of the facility presented by the offender's continued presence in the general offender population." This policy further provides that examples of such reasons include "[p]ending an investigation, disciplinary hearing, or criminal trial".

Prior to being placed in restricted housing pending investigation, Holleman was housed in Pendleton's "Honor Dorm" and was employed as a law clerk in the Pendleton law library. Because the law library computer that Holleman used had over 2,000 files to review, it took Francum a month and half to issue his final Report of Conduct, which was submitted on or about July 16, 2014 (Filing No. 44-9). Ultimately, the conduct board dismissed the conduct report. On or about July 31, 2014, Holleman was returned to Pendleton's general population, rather than to the Honor Dorm where he resided prior to the investigation. The Honor Dorm rules require that its residents remain "free of any ongoing investigations." The Honor Dorm facility directive further mandates that "if at any time an offender does not meet the criteria for the Honor Dorm, that offender will be removed from the dorm and returned to General Population." (Filing No. 44-11 at p. 3-4.)

When Holleman was returned to the general population, the Honor Dorm was full and Holleman would have been placed on a waiting list, which is maintained by Honor Dorm case workers.

Any job placement decision regarding Holleman's job as a clerk in the law library at Pendleton was made based on IDOC policy and availability or open spots in the Honor Dorm, but in any event, such decisions were not made in Holleman's case during the summer of 2014 by either Cole or Alsip. When Holleman was returned to general population, his classification status was "idle," meaning he was eligible for job placement, including an A-pay job such as the one he held as a law clerk. When Holleman was returned to the general population, there was not a position available in the law library.

IDOC policy provides for a return to the inmate's original job "or an equivalent work assignment," subject to the requirement that the position meets the inmate's previous assignment eligibility status. Therefore, IDOC asserts that it was not required of any IDOC official to return Holleman to his position as a law clerk following the restricted housing hold, pending investigation.

Cole and Alsip had no personal involvement or responsibility in ordering the law library computer audit. They had no personal involvement or responsibility in the decision to place Holleman in restricted housing pending investigation. Additionally, Cole and Alsip had no personal involvement with the decision of what prison job to offer to Holleman once his hold pending investigation was removed or to what dorm Holleman was assigned after the hold pending investigation concluded.

A Report of Conduct charging Holleman with misuse of a computer was issued by Internal Affairs Officer Francum on July 16, 2014. Two weeks later, the conduct report was dismissed and Holleman was released from the restrictive housing unit on July 31, 2014. Holleman spent 66 days

in the restrictive housing unit. His job in the Pendleton law library was then taken from him. The Classification Department, through Defendant Johnson, refused to reinstate Holleman to the prison job which had been taken from him. Holleman's current housing assignment affords him fewer amenities and less freedom of movement than the Honor Dorm to which he had previously been assigned. His efforts to be rehired as an inmate clerk at the Pendleton law library have been rebuffed.

## V. DISCUSSION

A retaliation claim must be premised on conduct that is protected by the First Amendment, and an inmate's conduct is not protected when he refuses to comply with a legitimate prison regulation. *See Watkins v. Kasper,* 599 F.3d 791, 799 (7th Cir. 2010) (concluding "that the confrontational, disorderly manner in which Watkins complained about the treatment of his personal property removed this grievance from First Amendment protection.").

To succeed on his claims, Holleman must show that each defendant was personally responsible for the constitutional violation, meaning that he facilitated, approved, condoned, or ignored the violation. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763, 775-76 (7th Cir. 2008); *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006). It is an established ingredient of § 1983 jurisprudence, that without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . public employees are responsible for their own misdeeds but not for anyone else's.") (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

It is this latter requirement of personal responsibility which places Cole and Alsip outside the chain of potential liability for the retaliation. The only reasonable interpretation of the evidentiary record shows that Cole and Alsip were not personally responsible for the decisions or the acts which form the basis of Holleman's retaliation claim.

### VI.  CONCLUSION

"After one party has filed a motion for summary judgment, 'the burden shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues [on] which the non-movant bears the burden of proof at trial.'" *Pharma Bio, Inc. v. TNT Holland Motor Express, Inc.,* 102 F.3d 914, 916 (7th Cir. 1996) (quoting *Walker v. Shansky,* 28 F.3d 666, 670-71 (7th Cir. 1994)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted); *see* Fed. R. Civ. P. 56(c)(1)(A), (B) (both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

In this case, the relevant events are the decision to place Holleman under investigation, the computer audit, Holleman's placement in restrictive housing, the issuance of the conduct report, the dismissal of the conduct report, and Holleman's housing and job assignments following his release from restrictive housing. Holleman has failed to come forward with evidence creating a disputed question of material fact as to whether Cole and Alsip played a personal role in taking any of these actions or in making the decisions which caused these actions to occur. Without playing such a personal role, Cole and Alsip could not be held liable for these actions.

9

Additionally, Defendants Cole and Alsip are not necessary for any injunctive relief to which Holleman may ultimately be entitled. Accordingly, the Motion for Summary Judgment as to Defendants Cole and Alsip (Filing No. 44) must be **GRANTED**.

The Clerk may terminate Defendants Cole and Alsip from this action. No partial final judgment shall issue at this time as to the dismissal of claims against Defendants Cole and Alsip.

**SO ORDERED.**

Date: 9/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert L. Holleman,
#10067
Wabash Valley Correctional Facility
Electronic Service Participant  - Court only

Jefferson S. Garn
OFFICE OF THE INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov