# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00671-TWP-DML |
| | ) |
| DUSHAN ZATECKY, TOM FRANCUM, | ) |
| ANDREW COLE, DUANE ALSIP, and KERI | ) |
| JOHNSON, , | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON ORDER TO SHOW CAUSE

On June 5, 2017, this Court issued to Defendants' counsel an Order to Show Cause (Dkt. 115), setting the matter for hearing on July 5, 2017. The hearing was held as scheduled before District Judge Tanya Walton Pratt and Magistrate Judge Lynch. Defense counsel David Dickmeyer and Jefferson Garn appeared as ordered, as well as Jessica Lindemann, appointed counsel for the Plaintiff, and the Plaintiff, Robert Holleman, who participated by telephone. The initial portion of the hearing was conducted *ex parte* with defense counsel.

The Court's issuance of the show cause order arose out of certain statements defense counsel made to the Magistrate Judge in preparation for a settlement conference scheduled for May 26, 2017. Those statements triggered a concern on the Court's part that certain sworn testimony of record (including testimony later relied upon by the Court in a summary judgment order) could be inaccurate. That testimony related primarily to three subjects: (1) the testimony of Mr. Zatecky (at Dkt. 44-1 ¶¶ 9 and 10) and Mr. Francum (at Dkt.44-8 ¶¶ 5 and 13) that the audit of the law library computers was "general" and "random" and did not "target" Mr. Holleman, and (2) the testimony of Ms. Johnson (at Dkt. 44-10 ¶¶ 23 and 25) that when Mr. Holleman was

returned to general population, there was no position available in the law library. At the show cause hearing, the Court also raised a question about a third subject: the accuracy of the references in the Zatecky (¶ 9) and Francum (¶ 7) affidavits regarding the computer use policy in effect at the time of the subject audit.

At the show cause hearing, Defense counsel represented to the Court that they had done a thorough investigation of the first two topics identified above and that they had not discovered false statements of fact in the sworn testimony. As to the computer use policy in effect at the relevant time, Mr. Garn conceded that the affidavits identified the wrong policy and alleged the misrepresentation was unintentional and the product of "sloppiness" by counsel.

Defense counsel supplemented their statements in their recently filed Motion to Strike their summary judgment filings and to vacate the Court's grant of summary judgment in favor of Defendants Cole and Alsip (Dkt. 120). They reiterate that the computer use policy they had provided to the Court in their summary judgment filings was not in effect at the relevant time. They maintain that Mr. Dickmeyer was unaware of that fact before the show cause hearing but that Mr. Garn was already aware of it because Mr. Holleman had pointed it out in his summary judgment response. Their motion also reveals that after the show cause hearing, counsel determined that another policy they had submitted to the Court to support their summary judgment motion (relating to the honor dorm) may have been amended before Mr. Holleman was returned to general population, thereby potentially misleading the Court. Consistent with their representations at the show cause hearing, defense counsels admit no other mistakes or misstatements.

The Court has granted the Defendants request to strike their summary judgment filings and to vacate its earlier grant of summary judgment (Dkt. 121). That does not mean the Court vouches

for counsels' suggestion that the only reason for the Court's drastic actions in issuing the show cause order, striking filings, and vacating its summary judgment order is the Defendants' reliance on written policies that either were not in effect at the time of the audit or, as to the latest matter regarding the honor dorm policy, not in effect at all times relevant to the case.

The Court has continuing concerns about the accuracy of testimony presented in this case. As to the testimony that Mr. Holleman was not targeted and that the audit was random, the Court finds it difficult to reconcile these assertions with other facts defense counsel have disclosed. Defense counsels' conclusion that it is not inaccurate appears to be based on a careful parsing of words.[1] This Order has specifically identified that testimony, and Mr. Holleman's counsel may address this issue fully in depositions. On the "no positions available" issue, defense counsel acknowledged in their summary judgment reply that there was conflicting evidence, and the Court has no reason on this record to conclude counsel were aware of a misrepresentation in Ms. Johnson's affidavit. As to the Defendants' identification of a computer use policy not put in place until after the audit at issue, the Court does not at this time have sufficient information to either accept counsels' "sloppiness" label or to conclude the Defendants' reliance on it was more purposeful. Counsel for Mr. Holleman may explore that issue in depositions as well.

No further conclusions by the Court about the testimony identified in this Order is required at this time. If deposition or trial testimony establish knowing and intentional misstatements to the Court, it will be appropriately addressed. For now, with the affidavits stricken and the summary judgment order vacated, the Court will leave it to Plaintiff's counsel—at the Defendants'

---

[1] This "parsing" is also suggested by a statement counsel included in their Motion to Strike: "When preparing for the show cause hearing, [counsel] focused on comparing the information submitted in the settlement statement with the submitted affidavits, concluding that the statements were not false based on the information they had learned." Dkt. 120 ¶ 21. That is not the inquiry the show cause order and Rule 3.3 mandate: They required the focus to be on a comparison of the sworn testimony of record to the *truth*.

expense—to investigate these issues further in discovery. Indeed, the Defendants have stated that they have no objection "to allowing Plaintiff the opportunity to participate in full discovery, including depositions of the Defendants at the expense of the State of Indiana." (Dkt. 120, ¶ 20.) The Court finds that it is appropriate here to require the State to pay reasonable expenses, including reasonable attorneys' fees,[2] for Mr. Holleman to take the depositions of the Defendants (and any other witnesses for which a deposition is reasonably necessary), as well as to follow up on written discovery. The Court finds this to be an appropriate remedy under the circumstances. The Court also uses this occasion to underscore the critical importance of candor, care, and diligence in the presentation of testimony and arguments to the Court.

## CONCLUSION

The Order to Show Cause (Dkt. 115) is **DISCHARGED**, conditioned upon Defendants' payment of the fees and expenses identified above.[3]

**SO ORDERED.**

Dated: 7/28/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] When the Court appointed counsel for Mr. Holleman under Local Rule 87, it did not anticipate that substantial discovery efforts would be necessary. This case is set for trial in September, and thus the discovery must be conducted on an expedited basis. Because this appointment of counsel will require more extraordinary effort than was anticipated, the Court finds it appropriate to allow appointed counsel to be paid reasonable attorneys' fees for the time required to conduct necessary discovery. This payment will not affect Ms. Lindemann's status as appointed counsel or the "credit" she will receive under the local rule for her service.

[3] Ms. Lindemann is directed to present her fee and cost reimbursement request to defense counsel within fourteen (14) days of the completion of all of Plaintiff's discovery. Counsel should confer and attempt to reach an agreement on the amount to be paid. If they cannot agree, Ms. Lindemann can file a petition within fourteen (14) days of the conclusion of trial for the Court to establish the amount, unless the Court directs a different schedule.

DISTRIBUTION:

Jessica Lindemann
BARNES & THORNBURG LLP
jessica.lindemann@btlaw.com

David C. Dickmeyer
OFFICE OF THE INDIANA ATTORNEY GENERAL
david.dickmeyer@atg.in.gov

Jefferson S. Garn
OFFICE OF THE INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov